KENNETH TEEL, Defendant Below-Appellant,
v.
STATE OF DELAWARE, Plaintiff Below-Appellee.
No. 72, 2008.
Supreme Court of Delaware.
Submitted: September 18, 2008.
Decided: October 7, 2008.
Before STEELE, Chief Justice, JACOBS and RIDGELY, Justices.

ORDER
Henry duPont Ridgely, Justice
This 7th day of October 2008, upon consideration of the appellant's brief filed pursuant to Supreme Court Rule 26(c), his attorney's motion to withdraw, and the State's response thereto, it appears to the Court that:
(1) On October 30, 2007, the defendant-appellant, Kenneth Teel, pleaded guilty to Rape in the First Degree and Sexual Solicitation of a Child. On the rape conviction, he was sentenced to 25 years incarceration at Level V, to be suspended after 21 years for decreasing levels of supervision. On the solicitation conviction, he was sentenced to 2 years incarceration at Level V, to be suspended for 2 years at Level III.[1] This is Teel's direct appeal.
(2) Teel's trial counsel has filed a brief and a motion to withdraw pursuant to Rule 26(c). The standard and scope of review applicable to the consideration of a motion to withdraw and an accompanying brief under Rule 26(c) is twofold: (a) the Court must be satisfied that defense counsel has made a conscientious examination of the record and the law for claims that could arguably support the appeal; and (b) the Court must conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[2]
(3) Teel's counsel asserts that, based upon a careful and complete examination of the record, there are no arguably appealable issues. By letter, Teel's counsel informed Teel of the provisions of Rule 26(c) and provided him with a copy of the motion to withdraw, the accompanying brief and the complete transcript. Teel also was informed of his right to supplement his attorney's presentation. Teel responded with a brief that raises several issues for this Court's consideration. The State has responded to the position taken by Teel's counsel as well as the issues raised by Teel and has moved to affirm the Superior Court's judgment.
(4) Teel raises several issues for this Court's consideration, which may fairly be characterized as follows: a) his constitutional right to a speedy trial was violated; b) his attorney provided ineffective assistance in connection with his guilty plea; c) the judge considered improper factors when imposing sentence; d) he should have been permitted to withdraw his guilty plea because it was not voluntary; and e) he is actually innocent of the crimes to which he pleaded guilty.
(5) The transcript of the guilty plea colloquy reflects the following. Under questioning by the Superior Court judge, Teel confirmed that he was 49 years old, had completed high school, had never been a patient in a mental hospital, was not under the influence of drugs, wanted to plead guilty to first degree rape and sexual solicitation of a child, had not been threatened or promised anything to induce him to plead guilty, understood his total minimum and maximum sentences, and had actually committed the crimes to which he was pleading guilty.
(6) As reflected in the sentencing transcript, by the time of the sentencing hearing Teel's position was that his plea was involuntary. He told the judge that, at the time his plea was entered, he was under the influence of drugs, he was being coerced by his attorney to plead guilty, he was not able to read the plea agreement because he didn't have his glasses, and he was confused about the minimum and maximum sentences that could be imposed. According to the presentence report, Teel now alleged that his videotaped confession had been coerced. The presentence report also reflected that Teel had committed multiple felonies in Alabama prior to being charged with the Delaware crimes. In arguing for a sentence in excess of the statutory minimum, the prosecutor noted that Teel no longer accepted responsibility for committing the crimes to which he had pleaded guilty and showed no remorse.
(7) Teel's first claim is that his constitutional right to a speedy trial was violated. We have carefully reviewed Teel's plea colloquy and it clearly reflects that his guilty plea was entered knowingly, intelligently, and voluntarily. Because a voluntary guilty plea constitutes a waiver of any alleged errors or defects occurring prior to the entry of the plea,[3] we conclude that Teel's first claim is unavailing.
(8) Teel's second claim is that his counsel provided ineffective assistance. It is well-settled that this Court will not consider ineffective assistance of counsel claims raised for the first time on direct appeal.[4] Because Teel's claim was not presented to the Superior Court in the first instance, we will not consider it in this proceeding.
(9) Teel's third claim is that the judge considered improper factors when imposing sentence. In Delaware, appellate review of a sentence generally ends upon a determination that the sentence is within the statutory limits.[5] Because the sentences imposed in this case were within the statutory limits,[6] and there was no abuse of discretion on the part of the sentencing judge,[7] we conclude that this claim is without merit.[8]
(10) Teel's fourth claim is that he should have been permitted to withdraw his guilty plea because it was not voluntary. A motion to withdraw a guilty plea is addressed to the sound discretion of the Superior Court[9] and the defendant bears the burden of demonstrating that the plea was not voluntary or that he misapprehended his legal rights.[10] Because the plea colloquy clearly reflects that Teel's plea was voluntary, there were no grounds to support its withdrawal. For that reason, this claim, too, is without merit.
(11) Teel's fifth, and final, claim is that he is actually innocent of the charges brought against him. During the plea colloquy, Teel admitted that he committed both crimes with which he had been charged. In the absence of clear and convincing evidence to the contrary, Teel is now bound by those representations.[11]
(12) This Court has reviewed the record carefully and has concluded that Teel's appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Teel's counsel has made a conscientious effort to examine the record and has properly determined that Teel could not raise a meritorious claim in this appeal.
NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.
NOTES
[1] The original sentencing order was corrected on May 19, 2008, to reflect an effective date of January 30, 2008.
[2] Penson v. Ohio, 488 U.S. 75, 83 (1988); McCoy v. Court of Appeals of Wisconsin, 486 U.S. 429, 442 (1988); Anders v. California, 386 U.S. 738, 744 (1967).
[3] Miller v. State, 840 A.2d 1229, 1232 (Del. 2003).
[4] Desmond v. State, 654 A.2d 821, 829 (Del. 1994).
[5] Mayes v. State, 604 A.2d 839, 842 (Del. 1992).
[6] Del. Code Ann. tit. 11, § 4205(b) (1) and (3).
[7] Weber v. State, 655 A.2d 1219, 1221 (Del. 1995).
[8] In fact, while the maximum sentence for sexual solicitation of a child is 15 years, the sentencing judge appears to have assumed that it is 2 years, which may well have benefited Teel. Del. Code Ann. tit. 11, §§ 1112A and 4205(b) (3).
[9] Super. Ct. Cr. R. 32(d).
[10] Scarborough v. State, 938 A.2d 644, 650 (Del. 2007).
[11] Somerville v. State, 703 A.2d 629, 632 (Del. 1997).